**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BARRY TANGERT, )<br>    Plaintiff, )<br>    v. )<br>HONEYWELL INTELLIGRATED )<br>Owings Mills, MD, and )<br>HONEYWELL INTELLIGRATED )<br>Mason, OH, )<br>    Defendants. ) | Case No.: _____ |

**JOINT NOTICE OF REMOVAL OF DEFENDANTS,
HONEYWELL INTELLIGRATED, OWINGS MILLS, MD
AND HONEYWELL INTELLIGRATED, MASON, OH**

PLEASE TAKE NOTICE THAT Defendant, Intelligrated Systems, LLC d/b/a Honeywell Intelligrated (hereafter "Intelligrated Systems") (i/s/h/a Honeywell Intelligrated, Owings Mills, MD and Honeywell Intelligrated, Mason, OH), by and through their counsel, and pursuant to 28 U.S.C. §1332, 28 U.S.C. §1441, and 28 U.S.C. §1446, hereby submit this Joint Notice of Removal. As grounds for removal, Defendants state as follows:

1. On April 2, 2020, Plaintiff, Barry Tangert, filed a Complaint captioned *Barry Tangert v. Honeywell Intelligrated and Honeywell Intelligrated*, in the Court of Common Pleas of York County, State of Pennsylvania, under Docket No. 2019-SU-001268 (the "State Court Action"). In accordance with 28 U.S.C. §1446(a), attached hereto as Exhibit "A" is a true and correct time-stamped copy of Plaintiff's Complaint with Notice to Defend. All Defendants consent to and jointly file this removal.

2. The Complaint alleges Plaintiff, Barry Tangert, was injured on June 21, 2017, while operating a conveyor belt machine installed by Defendant at Nordstrom's East Coast Fulfilment Center, 30 Distribution Drive, Elizabethtown, Lancaster County, Pennsylvania.

3.  The Complaint alleges the Defendant was negligent and that Plaintiff suffered injury to his right hand/finger, dismemberment and disfigurement, mental anguish, discomfort, inconvenience, distress, loss of life's pleasures, and an impairment of health and sense of well being. (See Complaint at ¶16).

4.  The Complaint further alleges Plaintiff has suffered and will continue to suffer financial injuries including past, present, and future medical expenses, incidental costs, economic and financial losses, lost economic opportunities, out of pocket costs and losses, and loss of earnings and earning capacity from dealing with said injuries. (See Complaint at ¶17).

5.  The Complaint further alleges damages in excess of $50,000.00, which are outside the scope and authority of mandatory arbitration of the Court of Common Pleas of York County. (See Complaint at ¶10). In discussions with Plaintiff's Counsel, he has advised the amount in controversy is in excess of $75,000.00.

6.  Pursuant to the provisions of 28 U.S.C. §1446(a), attached hereto as Exhibit "B" is a true and correct copy of all process, pleadings, and orders served upon Defendant in this case.

7.  Plaintiff's Complaint was served on the undersigned Counsel for Defendant on March 30, 2020 via facsimile transmission, and Plaintiff's Complaint was filed with the Prothonotary of York County, Pennsylvania, on April 2, 2020. This removal is timely pursuant to 28 U.S.C. §1446(b). *See* <u>Delalla v. Hanover Ins.,</u> 660 F.3d 180, 184 (3d Cir. 2011) (joining "the majority of circuits and adopt[ing] the later-served rule," under which "each defendant get[s] his own thirty days to remove after being served"); *see also* <u>Sikirica v. Nationwide Ins. Co.</u>, 416 F.3d 214, 223 (3d Cir. 2005)(holding that, "a writ of summons alone can no longer be the 'initial pleading' that triggers the 30-day period for removal under the first paragraph of 28 U.S.C.

§1446(b))(citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US. 344, 119 S.Ct. 1322 (1999).

8. This lawsuit is a civil action within the meaning of 28 U.S.C.§§1441(a) and 1446(b), which govern the removal of civil actions to the district courts of the United States. As detailed, *infra*, complete diversity of citizenship exists in this case and removal is appropriate because: (i) Plaintiff is a citizen of Pennsylvania, and no Defendant in this case is a citizen of Pennsylvania; and (ii) the amount in controversy exceeds the sum or value of $75,000.00. This action accordingly is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) and it is removable pursuant to 28 U.S.C. §§1441(a) and 1446(b).

## There is Complete Diversity of Citizenship

9. Upon information and belief, based upon the pleadings, Plaintiff is a citizen of Mount Joy, Lancaster County, Pennsylvania.

10. Plaintiff's Complaint alleges he is an individual residing at 352 Farmview Lane, Mount Joy, PA, 17552.

11. Plaintiff's Complaint names two Defendants: Honeywell Intelligrated Owings Mills, MD; and Honeywell Intelligrated, Mason, OH.

12. Defendant, Honeywell Intelligrated Owings Mills, MD, does not maintain its principal place of business in and is not a citizen of the State of Pennsylvania. Honeywell Intelligrated Owings Mills, MD is, and at the time of the filing of the Complaint was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 7901 Innovation Way, Mason, OH 45040. *See* 28 U.S.C. §1332(c)(1) (for purposes of diversity), "a corporation shall be deemed to be a citizen of every state and foreign

state by which it has been incorporated and of the state or foreign state where it has its principal place of business").

13. Defendant, Honeywell Intelligrated Mason, OH, does not maintain its principal place of business in and is not a citizen of the State of Pennsylvania. Honeywell Intelligrated Mason, OH is, and at the time of the filing of the Complaint was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 7901 Innovation Way, Mason, OH 45040. *See* 28 U.S.C. §1332(c)(1) (for purposes of diversity), "a corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business").

14. Pursuant to 28 U.S.C. §1332, as amended, complete diversity of citizenship therefore exists as between all parties in this case.

### The Amount In Controversy Exceeds $75,000.00

15. This is a workplace accident with a negligence cause of action in which the Plaintiff demands damages in excess of $50,000.00 (i.e., a sum "in excess of the arbitration limits") for past and future pain and suffering, serious and permanent injuries, economic and non-economic losses, medical expenses, future loss of enjoyment in life, as well as great detriment and loss.

16. In discussions with Plaintiff's Counsel, he has advised the amount in controversy is in excess of $75,000.00.

17. Pursuant to 28 U.S.C. §1446(b), Defendants promptly will provide written notice of removal of the action to Plaintiff and file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas of York County, Pennsylvania.

WHEREFORE, the above entitled action is hereby removed from the Court of Common Pleas of York County, State of Pennsylvania, to the United States District Court for the Middle District of Pennsylvania.

                                                    Respectfully,
                                                    **PILLINGER MILLER TARALLO, LLP**

Dated: April 28, 2020        By:   */s/ Ernest J. Bernabei III*
                                                      ERNEST J. BERNABEI III
                                                      Attorneys for Defendant, Intelligrated Systems, LLC d/b/a Honeywell Intelligrated (i/s/h/a Honeywell Intelligrated, Owings Mills, MD and Honeywell Intelligrated, Mason, OH)

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of Defendants' Joint Notice of Removal was served via this Court's electronic filing system upon the parties listed below:

>Steven D. Stambaugh, Esquire
>*Stambaugh Law, P.C.*
>2121 S. Queen Street
>York, PA 17403

>Respectfully,
>**PILLINGER MILLER TARALLO, LLP**

Dated: April 28, 2020          By:   */s/ Ernest J. Bernabei III*
                                      ERNEST J. BERNABEI III
                                      Attorneys for Defendant, Intelligrated Systems, LLC
                                      d/b/a Honeywell Intelligrated (i/s/h/a Honeywell
                                      Intelligrated, Owings Mills, MD and Honeywell
                                      Intelligrated, Mason, OH)